UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELTA TECHNOLOGY DEVELOPMENT LLC, | ) ) ) ) Civil Action No. 24-cv-2406 |
| Plaintiff, | ) |
| v. | ) ) |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | ) Presiding Judge: Hon. Sara L. Ellis ) Magistrate Judge: Hon. Young B. Kim ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Delta Technology Development LLC, by and through his undersigned counsel, hereby submits this Memorandum in support of his Motion for Entry of a Preliminary Injunction. For the reasons set forth herein, Plaintiff respectfully urges that the Court should grant this Motion.

**INTRODUCTION**

Plaintiff brings this action against Defendants, as identified on Exhibit 1 of the Complaint (collectively, the "Defendants"). As alleged in Plaintiff's Amended Complaint, Defendants are engaged in the unauthorized marketing and distributing of unlicensed products using infringing and counterfeit versions of Plaintiff's copyrighted two-dimensional and three-dimensional visual artistry (the "Counterfeit Products") through various fully interactive, commercial internet stores operating under at least the Online Marketplace Accounts listed in Schedule A to the Amended Complaint (collectively, the "Defendant Internet Stores"). Plaintiff hereby incorporates the

1

allegations, exhibits and counts set forth in the Complaint; terms defined in the Complaint used also herein shall have the same meaning. As alleged in the Complaint, the Defendants are promoting, advertising, marketing, distributing, offering for sale and selling counterfeit products, bearing counterfeit versions of Plaintiff's Marks , through various websites/webstores designed to mislead consumers that the products sold are genuine Plaintiff products.

The Defendants create websites and web stores and product listings for Plaintiff's goods, all the while actually selling low-quality, unlicensed counterfeits to unknowing consumers. Defendants attempt to avoid liability by going to great lengths to conceal their identities, their assets, and the full scope of their counterfeiting operation. Plaintiff is forced to file these actions to combat Defendants' illegal counterfeiting of the Plaintiff's goods and registered Marks, as well as to protect unknowing consumers from purchasing low-quality counterfeits over the internet.

## STATEMENT OF FACTS

On March 28, 2024, this Court granted Plaintiffs' Sealed Ex Parte Motion for Entry of a Temporary Restraining Order, including (1) A Temporary Injunction; (2) A Temporary Asset Restraint; (3) Expedited Discovery; and Service of Process by Email [Dkt. #16]. The TRO authorized Plaintiff to provide notice of these proceedings to Defendants by sending an email to e-mail addresses provided via the third party payment providers (e.g., Amazon and PayPal) (the "Platforms"). The TRO will expire on April 25, 2024 [Dkt. #22].

Since the entry of the TRO, Plaintiff have been working with the Platforms to freeze the financial accounts associated with the Infringing Websites. As of the date of this Motion, Plaintiff has served the Defendants by electronic means. The Plaintiff will file a Certificate of Service with the Court prior to the expiration of the TRO.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this action. As part of the Proposed Preliminary Injunction Order, a copy of which has been provided to the Clerk of the Court contemporaneously herewith, Plaintiff requests that the Infringing Webstores financial accounts remain frozen until these proceedings have concluded.

## DISCUSSION

### A. A Preliminary Injunction Extending the Relief Already Granted in the TRO Is Appropriate Here.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further illegal conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., True Religion Apparel, Inc., et al. v. Does 1- 100*, No. 1:12-cv-9894 (N.D. Ill. Jan. 15, 2013) (unpublished) (Docket No. 32); *Oakley, Inc. v. Does 1-100*, No. 1:12-cv-9864 (N.D. Ill. Dec. 27, 2012) (unpublished) (Docket No. 23); *Coach, Inc., et al. v. Lin Feng, et al.*, No. 1:12-cv08963 (N.D. Ill. Nov. 29, 2012) (unpublished) (Docket No. 36).

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin.*, Inc., No. 1:01- cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id.* Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id.* The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id.* The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id.* at 895-896. The greater the movant's likelihood of succeeding on the merits, the less the balancing of harms need be in his favor. *See Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000).

By virtue of this Court's entry of the TRO, the above requirements for entry of a preliminary injunction have been satisfied. The record establishes that through their illegal operations, Defendants have infringed upon Plaintiff's federally registered trademarks, copyrights, and patents. Thus, Plaintiff is entitled to preliminary injunctive relief.

**B. The Equitable Relief Sought by Plaintiff Remains Appropriate.**

In addition to this Court's inherent authority to issue injunctive relief pursuant to Fed. R. Civ. P. 65, the Copyright Act expressly contemplates granting of injunctive relief in appropriate cases. *See* 17 U.S.C. § 502 (Copyright Act). Plaintiff also seeks to convert the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since

entry of the TRO, Plaintiff has served the TRO upon third party payment providers that have assisted with identifying and freezing a number of financial accounts linked to the Infringing Websites that are offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants will attempt to move any assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, a preliminary injunction order that requires Defendants' assets to remain frozen for the remainder of the proceedings will preserve the status quo.

Defendants' unauthorized reproduction and public display of Plaintiff's Copyrighted Works will likely irreparably injure Plaintiff at least through loss of the exclusivity that Plaintiff is entitled to for its Copyrighted Marketing Material under the Copyright Act. Plaintiff has invested substantial time, money, and effort creating Plaintiff's Copyrighted Works. (Decl. of Zhan at ¶ 13). The extent of the harm to Plaintiff's business reputation, the goodwill associated therewith, and the possible diversion of customers due to loss in brand confidence are irreparable and incalculable, thus requiring immediate cessation Defendants' copyright infringement. (*Id.* ¶ 12). Such harm, therefore, warrants an immediate halt to Defendants' infringing activities through injunctive relief. *See Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill constituted irreparable harm for which plaintiff had no adequate remedy at law). Plaintiff will suffer immediate irreparable injury, loss, and damage if a preliminary injunction is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). (Id. ¶ 15).

## CONCLUSION

In view of the foregoing and consistent with established precedent from previous similar cases, Plaintiff respectfully requests that this Court enter a Preliminary Injunction consistent with the terms of the TRO.

Date: April 22, 2024                                      Respectfully Submitted,

                                                                                 By: /s/ Shengmao Mu
                                                                                 Shengmao (Sam) Mu, NY #5707021
                                                                                 **WHITEWOOD LAW PLLC**
                                                                                 57 West 57th Street, 3rd and 4th Floors
                                                                                 New York, NY 10019
                                                                                 Telephone: (917) 858-8018
                                                                                 Email: smu@whitewoodlaw.com

                                                                                 *Counsel for Plaintiff*